**The below described is SIGNED.**

**Dated: March 15, 2006**          _William T. Thurman_
                                **WILLIAM T. THURMAN**
                                **U.S. Bankruptcy Judge**

_____

Proposed Document Prepared By:
David L. Miller, Bar No. 3736
849 W. Hill Field Road, #202
Layton, Utah 84041
Telephone: (801) 447-8777
Facsimile: (801) 447-8456
email: davidlmillerpc @ msn.com
Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
NORTHERN DIVISION**

| | |
|---|---|
| **In re:** | |
| **DANELLE AARDEMA,** | **Bankruptcy No. 03-39880** |
| | **(Chapter 7)** |
| **Debtor(s)** | Judge William T. Thurman |
| | |
| **DAVID L. MILLER, Chapter 7 Trustee,** | |
| **Plaintiff,** | |
| | **Adversary Proceeding No. 05-02179** |
| **vs.** | |
| **DANELLE AARDEMA, an individual,** | |
| **Defendant.** | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
SUPPORTING JUDGMENT DENYING DISCHARGE**

This matter came before the Court for trial on February 7, 2006, at 2:00 p.m. Plaintiff, David L. Miller appeared personally and presented evidence and argument. There were no other

**Filed: 03/07/06**

appearances. The Court considered the Plaintiff's evidence and now enters the following:

FINDINGS OF FACT

This adversary proceeding arises out of and relates to the above-referenced Chapter 7 bankruptcy case voluntarily filed on November 19, 2003, in the United States Bankruptcy Court for the District of Utah in the Northern Division. Plaintiff David L. Miller, Trustee ("Trustee"), is the duly appointed, qualified and acting Chapter 7 trustee of the bankruptcy estate of Danelle Aardema. Mr. Miller became the permanent trustee at the first meeting of creditors he conducted in this case on January 14, 2004. Defendant Danelle Aardema ("Debtor") is an individual with residence in Weber County, State of Utah. The Trustee, at the January 14, 2004, meeting of creditors, directed the Debtor to supply him with copies of her 2003 State and Federal tax returns and bank account statements. The written directive handed to her (with a copy to her attorney) on January 14, 2004, stated:

> Supply Trustee with *copies* of state & federal tax returns for the tax years  03  no later than 2/17/04. Any and all refunds due you are property of the estate, and must be turned over to the Trustee for administration. DO NOT CASH YOUR REFUND CHECKS!

The fact that the Debtor understood this directive is evidenced by her personally faxing the Trustee a signed copy of her 2003 tax returns on February 16, 2004. On February 17, 2004, the Trustee reviewed the Debtor's 2003 tax returns, determined that she was receiving $2,854.00 in Federal tax refunds, and that the bankruptcy estate's pro rata share would be $2,525.86. On February 17, 2004, the Trustee received and reviewed the Debtor's bank statements which reflected a balance of $25.00 on the date of filing. The debtors Schedule B reflected $12.00 cash on hand.

The Trustee sent a letter to the debtor and her attorney dated February 17, 2004, requesting $2,562.86 which consists of the bank balance, cash on hand and pro rata tax refunds, reiterating the directive that she "not spend the refunds" and "immediately surrender ... upon receipt of the tax refunds." In a telephone call on July 13, 2004, debtor's attorney stated debtor had spent her tax refunds. Trustee offered to allow debtor to repay monthly, adjusting the money due up to $3,000.00. In a letter dated July 14, 2004, debtor's attorney offered to have debtor repay the amount due in full with her 2004 tax refunds. The Debtor signed her approval of proposed order to accomplish that. The Court entered that Order on September 20, 2004 which:

> ORDERED that the Debtor turnover tax refunds in the amount of $3,000.00 to the Trustee by March 15, 2005.
>
> ORDERED that the time for filing complaints pursuant to Section 727 of the Bankruptcy Code for denial of the debtor's discharge is extended until April 15, 2005, or such earlier time as the Trustee reports full payment by the Debtor of the entire $3,000.00 amount.

The Trustee received no payments from the debtor. The Debtor still owes $3,000.00 to the estate.

CONCLUSIONS OF LAW

The Court has jurisdiction over the subject matter and the parties of this proceeding pursuant to 28 U.S.C. §§1334(b), 157(a), (b), 11 U.S.C. § 727 and D.U.Civ.R. 83-7.1 the general order of reference. Venue is proper in the District of Utah, Northern Division under 28 U.S.C.§ 1409. This adversary proceeding is a core matter under 28 U.S.C. §157(b)(2)(F), (H), (J) and (N). The

$2,562.86 amount originally sought by the Trustee is property of the bankruptcy estate. The Debtor knew that $2,562.86 amount was property of the bankruptcy estate. After the date of filing her bankruptcy petition in this case, the Debtor consumed and expended all of the $2,562.86 amount. By consuming and using all of those funds, the Debtor "transferred, removed, destroyed, mutilated or concealed" property of the bankruptcy estate. The Debtor's actions in consuming and expending the $2,562.86 were done with the intention that she not surrender those funds to the Trustee for her bankruptcy estate. The Debtor intended to hinder, delay, or defraud the Trustee and her creditors. After consuming the funds, the Debtor stipulated to repay an increased amount of $3,000, and the Court Ordered that she do so. The Debtor never paid any amount to the Trustee for her bankruptcy estate. The Debtor refused to obey a lawful order of this Court. The Debtor's discharge should be denied because she knowingly and intentionally consumed funds belonging to the bankruptcy estate. The Debtor's discharge should also be denied because she failed to repay the funds she had consumed as Ordered by the Court. A money judgment should be awarded the Trustee in the amount of $3,000.00. From the face of the pleadings, it is clear that there is no factual issue in dispute. The Debtor has failed to cooperate with the Trustee in the performance of his duties by failing to turnover the 2003 tax refunds as directed, and as she stipulated and the Court ordered.  The Debtor has refused to obey lawful orders of this court which is cause for denying the Debtor's discharge under Bankruptcy Code section 727(a)(6)(A).

The $2,562.86 amount originally sought by the Trustee is property of the bankruptcy estate. The Debtor knew that $2,562.86 amount was property of the bankruptcy estate. After the date of filing her bankruptcy petition in this case, the Debtor consumed and expended all of the $2,562.86 amount. By consuming and using all of those funds, the Debtor "transferred, removed, destroyed,

mutilated or concealed" property of the bankruptcy estate.  The Debtor's actions in consuming and expending the $2,562.86 were done with the intention that she not surrender those funds to the Trustee for her bankruptcy estate.  The Debtor intended to hinder, delay, or defraud the Trustee and her creditors.  The Debtor's discharge should be denied because she knowingly and intentionally consumed funds belonging to the bankruptcy estate.

A separate Judgment shall be entered based upon the foregoing findings and conclusions.

******************

CERTIFICATE OF SERVICE

I hereby certify that I mailed (postage prepaid), a true and correct copy of the foregoing to the following persons on the 6TH day of March, 2006.

Office of United States Trustee

    Via ECF only

Danelle Aardema
239 West 4800 South #2
Ogden, UT 84405


Kevin D. Whatcott

    Via ECF                                  /s/ denise mcrae
                                                 Denise McRae

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that I mailed (postage prepaid), or hand-delivered a true and correct copy of the foregoing to the following persons on the ___ day of _____ 2006.

Office of United States Trustee

    Via ECF only

Danelle Aardema
239 West 4800 South #2
Ogden, UT 84405

Kevin D. Whatcott

    Via ECF

David L. Miller

    Via ECF